# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

JIMMY SHANE CANTRELL
ADC #98730                                                                                               PLAINTIFF

V.                                    NO: 5:05CV00169 JLH/HDY

M.D. REED *et al.*                                                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

> 3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff filed this 42 U.S.C. § 1983 action on June 6, 2005, alleging that Defendant John Doe failed to protect him from another inmate's attack when they assigned him to a two-man punitive segregation cell while he was a protective custody inmate. This allowed Plaintiff to be assaulted on May 21, 2003, by his cellmate, inmate Richard Dolan, who was not a protective custody inmate, but was from general population. Plaintiff also asserts that, near the end of his stay at the Cummins Unit, and apparently sometime after the attack by Dolan, he was taken off protective custody status by Defendants Kim Luckett, Crystal Woods, John Doe(s), and assigned to administrative segregation with other protective custody inmates, who worked with dangerous tools. Plaintiff contends this could have led to another assault, but that he was transferred soon after he filed a grievance. Plaintiff charges Defendants Davis, M.D. Reed, and Larry Norris, with failure to adequately train or supervise staff to prevent the attack by Dolan and the alleged improper classification.

Defendants Reed, Norris, Luckett, and Woods, have now filed a motion for summary

judgment (docket entry #43), and brief in support (docket entry #44), alleging that Plaintiff failed to demonstrate a sufficiently culpable state of mind or serious deprivation, and that his complaint should be dismissed. Plaintiff has not filed a response.[1] In *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), the Court held that, in order for a prisoner to recover against prison officials for failing to protect him, he must prove that: (1) "he [was] incarcerated under conditions posing a substantial risk of serious harm"; and (2) the prison official was deliberately indifferent to that substantial risk of serious harm. In defining deliberate indifference, the Court, in *Farmer,* explained:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; *the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference*.

*Id.* at 837 (emphasis added). Additionally, the Eighth Circuit has explained that this rigorous standard of proof is appropriate because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Jensen v. Clarke*, 73 F.3d 808, 810 (8th Cir. 1996) (*citing Wilson v. Seiter,* 501 U.S. 294, 297 (1991)). For example, in *Webb v. Lawrence County*, 144 F.3d 1131, 1135 (8th Cir. 1998), the Court held that a plaintiff must show that defendants "actually knew that [the attacker] posed a substantial risk of harm" to the plaintiff.

In the instant case, Plaintiff's deposition testimony makes clear that he does not allege that any of the Defendants he has identified by name personally knew of his assignment to the same cell as inmate Dolan or expected the attack (docket entry #44, attachment 1, pages 30-39). Plaintiff's

---

[1]On May 15, 2006, this Court granted Plaintiff's motion to defer ruling on Defendants' motion for summary judgment until after he received discovery responses from Defendants (docket entry #55). Defendants were ordered to provide some of the discovery Plaintiff sought in a motion to compel, which they did on June 14, 2006 (docket entry #57). According to the order granting the deferral, Plaintiff's response was due no later than June 30, 2006.

testimony also reveals that less than an hour after he filed a grievance regarding his placement in a cell with Dolan, prison officials came to his cell and informed him that one of them would be moved (docket entry #44, attachment 1, page 14).  When Plaintiff was told that one prisoner would be moved, he began lobbying the guard to move Dolan, rather than himself.  At some point during Plaintiff's conversation with the guard, Dolan interrupted Plaintiff, and Plaintiff told him "something like hold on," and "this is our business and whatever" (docket entry #44, attachment 1, page 12). When Plaintiff said this, Dolan slapped Plaintiff, and a struggle ensued.  According to Plaintiff, his injuries resulting from that struggle "didn't involve any significant medical needs" (docket entry #44, attachment 1, page 20).

It is clear from the testimony Plaintiff offered that prison officials did not know of and deliberately disregard an excessive risk to Plaintiff's safety with respect to his being housed with Dolan.  Indeed, when Plaintiff grieved the issue, officials took prompt action to remedy the situation. Plaintiff's description of the response to his grievance certainly does not indicate a sufficiently culpable state of mind on the part of Defendants to satisfy the standard of proof required to establish deliberate indifference.

A second claim in Plaintiff's complaint is that Defendants violated his constitutional rights by taking his protective custody status without his permission when he was assigned to administrative segregation, which could have led to him being assigned to a work crew with inmates who were never on protective custody.  However, Plaintiff reported that he never sustained any sort of physical attack as a result of this status change, and was soon thereafter transferred to a different unit (docket entry #44, attachment 1, pages 25-27).  Accordingly, he has no injury or claim for the status change.

IT IS THEREFORE RECOMMENDED THAT Defendants' motion for summary judgment (docket entry #43) be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE.

DATED this __10__ day of July, 2006.

_____
UNITED STATES MAGISTRATE JUDGE